

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOE ISREAL GUTIERREZ, | § | No. 08-11-00346-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | 213th District Court |
| THE STATE OF TEXAS, | § | |
| | § | of Tarrant County, Texas |
| Appellee. | § | |
| | § | (TC# 1149820D) |
| | § | |

## **O P I N I O N**

Joe Isreal Gutierrez appeals his conviction for burglary of a habitation. *See* TEX. PENAL

CODE ANN. § 30.02 (West 2011). After the jury found him guilty, the trial court sentenced him to

thirty years' imprisonment. In a single issue on appeal, Appellant challenges the admission of his

confession, asserting that he did not voluntarily, knowingly, and intelligently waive his *Miranda*[1]

rights under Article 38.22 of the Texas Code of Criminal Procedure. We affirm.

### **BACKGROUND**

Because Appellant does not challenge the sufficiency of the evidence to support his

conviction, only a brief recitation of the facts is necessary. On March 10, 2009, after responding

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

to a 911 call from Cody Saunders reporting a burglary of his home, police officers conducted a traffic stop of a vehicle matching Saunders' description within a mile of Saunders' home. The driver of the vehicle was identified as Joe Gutierrez Jr., and Appellant was identified as the passenger. Saunders was transported to the scene where he identified the vehicle as the one he had seen at his home and Joe Gutierrez Jr. as one of the men he had seen at his residence.[2] Police subsequently arrested both occupants of the vehicle. At the jail, Detective Tony Miller asked Appellant if Appellant wanted to speak with him, Appellant said that he wanted to talk. Detective Miller then escorted Appellant to an interview room equipped with a video recording device. Detective Miller read Appellant his *Miranda* warnings off of a document[3] and Appellant indicated that he understood each right. Appellant then signed the *Miranda* warnings document. During his recorded interview with Detective Miller, Appellant confessed to participating in the burglary of the Saunders home. Appellant was subsequently indicted for burglary of a habitation with the intent to commit theft. Before trial, Appellant moved to suppress the recorded confession arguing that he did not knowingly, intelligently, and voluntarily waive his *Miranda* rights. At the suppression hearing, Detective Miller testified that prior to any questioning, he advised Appellant of his *Miranda* rights by reading aloud each individual *Miranda* warning from a *Miranda* warning document. After reading aloud each right, Detective Miller asked Appellant if he understood the right and Appellant indicated verbally or otherwise that he understood all of his rights. Detective Miller acknowledged that he did not read aloud the last portion of the *Miranda* warning document

---

[2] Saunders was unable to identify Appellant, the older passenger of the vehicle.

[3] The document is titled "Miranda Warning" and provides: "(1) You have the right to remain silent and not make any statement at all, and any statement you make may be used against you at your trial; (2) Any statement you make may be used as evidence against you in court; (3) You have the right to have a lawyer present to advise you prior to and during any questioning; (4) If you are unable to employ a lawyer, you have the right to have a lawyer appointed to advise you prior to and during any questioning; (5) You have the right to terminate the interview at any time."

which stated:

**I HAVE READ AND UNDERSTAND MY LEGAL RIGHTS AS STATED ABOVE ON THIS DOCUMENT. I FREELY, VOLUNTARILY AND KNOWINGLY WAIVE THESE LEGAL RIGHTS, AND AGREE TO BE INTERVIEWED BY POLICE.**

(Emphasis in original). After Detective Miller gave Appellant the *Miranda* warning document and informed him where to sign, Appellant voluntarily signed the document. Although Detective Miller opined that Appellant did not have enough time to read the *Miranda* warning document, he testified that he did not know whether Appellant read the boldfaced warning portion of the document. According to Detective Miller, Appellant waived all of his rights and agreed to speak to him.

Detective Miller acknowledged that he did not verbally ask Appellant if he waived his rights or if he agreed to speak to him. According to Detective Miller, obtaining a verbal waiver from a defendant was not a requirement. He explained that Appellant's waiver of his rights was acknowledged by Appellant's signature on the *Miranda* warning document as well as Appellant's responses that he understood his rights. The trial court subsequently denied Appellant's motion to suppress and found that while Appellant was in custody, his *Miranda* rights were read to him, he acknowledged his understanding of those rights, he was not threatened or coerced, he never invoked his right to remain silent or right to counsel, and his actions showed he waived his rights and that he voluntarily agreed to speak with law enforcement. At trial, Appellant's recorded confession was admitted into evidence and published to the jury over Appellant's objection. The jury found Appellant guilty as charged. At sentencing, the trial court found true the habitual offender portion of the indictment and sentenced Appellant to thirty years' confinement. This appeal followed.

3

**DISCUSSION**

In a single issue on appeal, Appellant contends the trial court erred in admitting his recorded confession because no inferred or express waiver of his *Miranda* rights occurred as required by Article 38.22 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (West 2005).

*Standard of Review*

At a suppression hearing, the trial judge is the sole and exclusive trier of fact and may choose to believe or disbelieve any or all of the evidence presented before it. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex.Crim.App. 2011); *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex.Crim.App. 2002); *Allridge v. State*, 850 S.W.2d 471, 493 (Tex.Crim.App. 1991). We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000); *White v. State*, 395 S.W.3d 828, 834 (Tex.App. – Fort Worth 2013, no pet.). We defer to the trial court's determinations on historical facts and credibility, but we review *de novo* questions of law and mixed questions of law and fact that do not turn on assessments of credibility. *Leza v. State*, 351 S.W.3d 344, 349 (Tex.Crim.App. 2011); *Carmouche*, 10 S.W.3d at 327. Viewing the evidence in the light most favorable to the trial court's ruling, we will uphold the ruling if it is correct under any theory of law applicable to the case. *Gonzales v. State*, 369 S.W.3d 851, 854 (Tex.Crim.App. 2012); *Amador v. State*, 275 S.W.3d 872, 878-79 (Tex.Crim.App. 2009). Generally, we only consider the evidence adduced at the suppression hearing; however, where, as here, the parties relitigate the suppression issue at the trial on the merits, we consider all the evidence, from both the pretrial hearing and the trial, in our review of the trial court's ruling. *See Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex.Crim.App.

4

2007).

## Article 38.22

Appellant argues that the trial court erred in admitting his recorded confession because there was no valid waiver of his *Miranda* rights. Article 38.22 of the Code of Criminal Procedure proscribes the admissibility of oral statements made during custodial interrogation unless (1) those statements were recorded and (2) prior to making the statements but during the recording, the accused was warned of his rights and knowingly, intelligently, and voluntarily waived those rights. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3 (West 2005). Those warnings include that:

> (1) [the accused] has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;
>
> (2) any statement he makes may be used as evidence against him in court;
>
> (3) he has the right to have a lawyer present to advise him prior to and during any questioning;
>
> (4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and
>
> (5) he has the right to terminate the interview at any time[.]

*Id.* at 38.22, § 2.

The State bears the burden of establishing by a preponderance of the evidence that a defendant knowingly, intelligently, and voluntarily waived his *Miranda* rights. *Miranda*, 384 U.S. at 475, 86 S.Ct. at 1628; *Leza*, 351 S.W.3d at 349; *Joseph v. State*, 309 S.W.3d 20, 24 (Tex.Crim.App. 2010). Generally, a defendant's confession is inadmissible without a valid waiver. *See* TEX.CODE CRIM. PROC. ANN. art. 38.22, § 3(a). However, the Court of Criminal Appeals has pointed out "'that neither a written nor an oral express waiver is required'" before a statement is admissible under the mandates of article 38.22 of the Code of Criminal Procedure.

5

*Joseph*, 309 S.W.3d at 24 (quoting *Watson v. State*, 762 S.W.2d 591, 601 (Tex.Crim.App. 1988)); *see Barefield v. State*, 784 S.W.2d 38, 40-41 (Tex.Crim.App. 1989) (remarking that the oral confession statute does not require an "express verbal statement from an accused that he waives his rights prior to giving the statement"), *overruled on other grounds, Zimmerman v. State*, 860 S.W.2d 89, 94 (Tex.Crim.App. 1993); *State v. Oliver*, 29 S.W.3d 190, 192 (Tex.App. – San Antonio 2000, pet. ref'd) (observing that there is no "additional language . . . required before a trial court could infer the defendant had waived his rights pursuant to art. 38.22"). Rather, that waiver may simply be "'inferred from the actions and words of the person interrogated.'" *Joseph*, 309 S.W.3d at 24-25 (quoting *North Carolina v. Butler*, 441 U.S. 369, 373, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979)). Nonetheless, the waiver must still be knowingly, intelligently, and voluntarily made. *Id*.

The State establishes an implied waiver of a defendant's rights by showing the *Miranda* warnings were conveyed to the defendant, the defendant understood those warnings, and the defendant gave an uncoerced statement. *Berghuis v. Thompkins*, 560 U.S. 370, 130 S.Ct. 2250, 2261-62, 176 L.Ed.2d 1098 (2010). Although a waiver cannot be presumed from a defendant's silence or the fact that a defendant confessed after warnings were provided, "the general rule is that neither a written nor an oral express waiver is required." *Watson v. State*, 762 S.W.2d 591, 601 (Tex.Crim.App. 1988). We look at the totality of the circumstances in reaching the voluntariness of a confession. *See Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 1141, 89 L.Ed.2d 410 (1986); *Barefield*, 784 S.W.2d at 41. We may consider the defendant's background, experience, and conduct in our review of the totality of the circumstances. *Joseph*, 309 S.W.3d at 25 (citing *Fare v. Michael C.*, 442 U.S. 707, 725, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979)).

6

*Application*

Appellant asserts the that he did not knowingly, intelligently, and voluntarily waive his rights because Detective Miller did not read aloud to him the portion of the written waiver portion of the *Miranda* warning document or expressly ask him if he waived his rights. However, we note that Appellant fails to provide any authority mandating such actions and we are not persuaded by Appellant's arguments since an express waiver of one's rights is not required. *See Joseph*, 309 S.W.3d at 24; *Oliver*, 29 S.W.3d at 192.

Considering the totality of the circumstances, several factors tend to demonstrate that Appellant knowingly, intelligently, and voluntarily waived his rights. In this case, Appellant was moved to an interview room after indicating that he wanted to speak with Detective Miller. Before Appellant was interviewed, Detective Miller read each *Miranda* right aloud to Appellant and as each right was read asked Appellant if he understood the right. According to Detective Miller, Appellant verbally indicated that he understood each right by saying either "yeah" or "uh-huh." After Appellant was handed the *Miranda* warning document, he voluntarily signed his name below the written waiver portion of the document. At trial, Detective Miller explained that he did not to have to prod or ask Appellant any questions to get him to start talking. When Detective Miller asked Appellant what he wanted to talk to about, Appellant started explaining what had occurred. There is nothing in the record to indicate nor does Appellant assert that he was coerced or threatened into making a confession. Furthermore, because of Appellant's prior experience with police as evidenced by the habitual offender allegations which the trial court found true, Appellant presumably was not a novice to *Miranda* warnings.

We conclude that the record supports the trial court's pronounced oral findings. In

7

applying the applicable standard of review, we give almost total deference to the trial court's determination regarding the credibility and demeanor of the witnesses. *See Johnson v. State*, 68 S.W.3d 644, 652-53 (Tex.Crim.App. 2002); *Best v. State*, 118 S.W.3d 857, 861-62 (Tex.App. – Fort Worth 2003, no pet.); *Oliver*, 29 S.W.3d at 191. After considering the totality of the circumstances, we hold that the trial court did not err in admitting Appellant's recorded confession because the trial court properly concluded that Appellant's waiver was knowingly, intelligently, and voluntarily made. *See Moran*, 475 U.S. at 421, 106 S.Ct. at 1141; *Barefield*, 784 S.W.2d at 41; *Hallmark v. State*, 287 S.W.3d 223, 225-26 (Tex.App. – Eastland 2009, pet. ref'd) (trial court did not err by denying appellant's motion to suppress where appellant was advised of his rights and said he understood his rights, and Texas Ranger did not read "Waiver of Rights" portion of *Miranda* card to appellant and did not know whether appellant had read that section before signing card); *Gomez v. State*, No. 01-08-00251-CR, 2009 WL 1688233, at *6-10 (Tex.App. – Houston [1st Dist.] June 18, 2009, no pet.) (mem. op., not designated for publication) (concluding that totality of the circumstances showed appellant knowingly, intelligently, and voluntarily waived his right under Texas statutory and federal law despite fact that detective did not verbally ask appellant if he waived his rights, did not give Appellant time to read waiver paragraph on form, and did not read waiver paragraph aloud and where record showed appellant signed statutory warnings form after detective read him his rights and asked him if he understood); *Hargrove v. State*, 162 S.W.3d 313, 318-19 (Tex.App. – Fort Worth 2005, pet. ref'd) (valid waiver of rights despite defendant's lack of explicit waiver); *Oliver*, 29 S.W.3d at 193 (despite lack of explicit waiver, defendant knowingly, intelligently, and voluntarily provided statement, where he indicated he understood his rights and discussed murder with police). Appellant's sole issue on appeal is overruled.

**CONCLUSION**

The trial court's judgment is affirmed.


                                        GUADALUPE RIVERA, Justice

October 31, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)

9